IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03830-PAB

JAMES R. SEARLE,

    Plaintiff,

v.

CRYOHEART LABORATORIES, INC, d/b/a CORELOGIX MEDICAL

    Defendant.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on Defendant, CryoHeart Laboratories, Inc. d/b/a CoreLogix Medical's Response to Order to Show Cause [Docket No. 19]. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5.

On February 22, 2021, the Court ordered defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction. Docket No. 17 at 4. The Court noted that defendant's allegations were insufficient to establish diversity jurisdiction in this case because defendant's allegations regarding plaintiff's citizenship were not well-pled. *Id.* at 3.

Defendant filed its response to the Court's show cause order on March 4, 2021. Docket No. 19. In that response, defendant acknowledges that residency is not synonymous with domicile. *Id.* at 3. Yet defendant reiterates that plaintiff "currently resides in Highlands Ranch, Colorado" and has done so since 2013. *Id.* at 4.

Defendant also states that plaintiff has paid real estate taxes in Colorado since 2013 and current pays taxes to "fourteen . . . different taxing authorities located in Colorado." *Id.* These allegations support that plaintiff has maintained property in Colorado and that he paid property taxes here, but they do not establish his intent to remain.

Defendant also states that plaintiff indicated that his address was in Colorado on a January 2017 stockholders' agreement and that plaintiff's W-9 tax form reflected the same Colorado address in tax year 2019. *Id.* Citizenship, however, is determined at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *Macias v. Twin City Fire Ins. Co.*, No. 19-cv-00742-PAB, 2019 WL 1594255, at *1 (D. Colo. Apr. 15, 2019) (finding that police report from underlying accident listing defendant's address was insufficient to prove defendant's citizenship). These allegations do not support that plaintiff was a Colorado citizen when this case was filed in September 2020. *See* Docket No. 1 at 1, ¶ 1.

The present allegations therefore are still insufficient for the Court to determine plaintiff's citizenship. At best, defendant's response to the show cause order demonstrates that plaintiff maintains property in Colorado and, as a result, pays property taxes in the state. However, as stated in the Court's first show cause order, residency is not determinative of citizenship for purposes of establishing diversity jurisdiction, and plaintiff's purported residence in Colorado does not allow for a presumption of plaintiff's domicile. *Miss. Band of Choctaw Indians v. Holyfield*, 490

2

U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

Courts typically consider several factors in determining a party's citizenship, including "voter registration and voting practices." *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016). Voter registration is persuasive evidence of a person's citizenship. This is because an individual registering to vote in Colorado must declare, under penalty of perjury, that he or she has been a Colorado resident for at least 22 days before registration and that the address provided on the registration address is the registrant's "sole legal place of residence." *See* Colo. Rev. Stat. § 1-2-205. Owning property and paying property taxes in the state do not establish a person's residency for the purposes of registering to vote. Instead, residency, for the purposes of voter registration, is

> the principal or primary home or place of abode of a person. A principal or primary home or place of abode is that home or place in which a person's habitation is fixed and to which that person, whenever absent, has the present intention of returning after a departure or absence, regardless of the duration of the absence.

Colo. Rev. Stat. § 1-2-102(1)(a)(I); *see also Kuhn v Williams*, 418 P.3d 478, 487–88 (Colo. 2018) (discussing § 1-2-102 and its application to residency requirement for petition circulators). This is similar to the definition of citizenship or domicile used to establish diversity jurisdiction, which is what makes voter registration such strong evidence of a litigant's citizenship. As the Court explained in the first order "'[t]o establish domicile in a particular state, a person must be physically present in the state and *intend to remain there*.'" Docket No. 17 at 2 (quoting *Smith v. Cummings*, 445 F.3d

3

1254, 1260 (10th Cir. 2006)) (emphasis added).  People who register to vote in Colorado affirm that their registration address is where they intend to return regardless of a departure or absence.  Importantly, as with a person's domicile or citizenship, the statute states that "[a] person shall not be considered to have gained a residence in this state, or in any county or municipality in this state, while retaining a home or domicile elsewhere."  *Id.* § 1-2-102(d).

Moreover, voter registration is strong evidence of citizenship because there are serious consequences for lying about one's residency.  It is a class 1 misdemeanor to swear or affirm falsely as to a registrant's qualification to register to vote in Colorado.  Colo. Rev. Stat. § 1-2-205.  Punishment for such an offense can include a fine of up to $1000 and imprisonment for up to one year in the county jail.  *See* Colo. Rev. Stat. § 1-13-111.

Because defendant has not sufficiently established the citizenship of plaintiff, the Court is unable to determine whether it has subject matter jurisdiction over this case.  Therefore, it is

**ORDERED** that, on or before **May 7, 2020**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED April 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge